## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| GARY R. MARGELONY & KIMBERLY E MARGELONY, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES L.P. & NAVIENT SOLUTIONS, INC. F/K/A SALLIE MAE, INC., <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 4:16-** cv - 167-HLM-WEJ <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT SEEKING DAMAGES IN FOR CONTEMPT OF COURT, FEDERAL LAWS, AND GEORGIA FAIR BUSINESS PRACTICES ACT

### JURISDICTION

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Bankruptcy discharge injunction pursuant to 11 U.S.C. 524, and the Georgia Fair Business Practices Act O.C.G.A. § 10-1-392(10) in their illegal efforts to collect a consumer debt.

2.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3.  Plaintiffs Gary R. Margelony and Kimberly E. Margelony ("Plaintiffs") are natural persons who reside in the City of Cedartown, County of Polk, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant GC Services Limited Partnership (hereinafter "GC") is a Delaware corporation operating from an address of 6330 Gulfton, Houston, TX 77081 with a registered agent for service named as CT Corporation System, 1201 Peachtree St. NE, Atlanta, GA 30361 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.      Defendant Navient Solutions, Inc. (hereafter "Navient") is a Delaware corporation operating from an address of 2001 Edmund Halley Dr., Reston, Virginia with a registered agent for service named as Corporation Service Co., 40 Technology Pkwy South, #300, Norcross, GA 30092.

6.      Defendants at all times acted by and through one or more of its representatives or collectors.

## FACTUAL ALLEGATIONS

7.      On or about March 16, 2001, Plaintiffs jointly incurred a financial obligation originating from a "SLM Financial" account that was for educational purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.      Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant GC for collection from the Plaintiff.

## DEFENDANTS USES FALSE, DECEPTIVE, AND MISLEADING MEANS IN ATTEMPTING TO COLLECT A DEBT

9.      On or about July 14, 2009, Plaintiff filed for bankruptcy protection under Chapter 13 of Title 11 of the United States Code. See Exhibit "A"

10.     On or about July 23, 2009, Sallie Mae Financial, Inc. filed a "Proof of Claim" alleging money owed on an account that originated from a education loan with an account number ending in 9007 (per section "3." Within proof of claim) in the amount of $27,039.60 in principal, $4,195.21 in interest, and $3,145.62 in attorneys fees and costs. See Exhibit "B".

11.     On December 7, 2009, an Order Granting Debtor's Motion to Disallow whereby the attorney's fees were reduced or eliminated in the amount of $3040.62. See Exhibit "C".

12.     Between the dates of October 1, 2010 and July 25, 2014, the Chapter 13 Trustee, Mary Ida Townson, disbursed funds totaling $31,339.81 to Sallie Mae Financial, Inc. See Exhibit "D".

13.     On or about October 14, 2014, Debtor's Chapter 13 discharged and was subsequently closed on or about October 29, 2014.

14.     In a letter dated May 18, 2016, Defendant GC sent Plaintiff a dunning letter stating a balance due in the amount of $38,329.00 due on an account number ending in 6201. See Exhibit "E".

15.     Pursuant to her rights, Plaintiff sought evidence of the amounts due including an accounting of payments received on the account over the past several years.

16.     Defendants have only produced loan documents as evidence and have failed to credit Plaintiffs for payments received during the bankruptcy matter.

17.     Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

## TRIAL BY JURY

18.     Plaintiffs are entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. 524

19.   Plaintiffs repeat and re-allege the preceding paragraphs as though more fully set forth herein.

20.   Defendant GC's dunning letter states incorrect and misleading balances by failing to account for reduction in attorneys fees and costs as ordered by the United States Bankruptcy Court.

21.   Defendant GC's dunning letter states incorrect and misleading balances by failing to account for payments received during Plaintiff's pending Bankruptcy proceeding.

22.   Defendants knew or should have known that the amounts stated in the dunning letter were incorrect and misleading.

23.   The Defendants' action constitutes an act to collect or recover a claim against the debtor for a debt that was disallowed as a part of Plaintiff's confirmed case and a direct violation of 11 U.S.C. Section 524(a)(2).

24.   The Defendants' action constitutes an act to collect or recover a claim against the debtor for a debt that was paid as a part of Plaintiff's confirmed case and a direct violation of 11 U.S.C. Section 524(a)(2).

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

25.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.   The foregoing acts Defendant constitute violations of the FDCPA including, but not limited to FDCPA, 15 U.S.C. § 1692(e) and 1692(f).

27.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

28.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as through fully stated herein.

29.     The Plaintiffs are a "consumer as the term is defined by O.C.G.A. § 10-1-392(6).

30.     The Plaintiffs incurred a Debt as a result of engaging in consumer transactions as the term is defined by O.C.G.A. § 10-1-392(10).

31.     The Defendants' unfair or deceptive act to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-392(10).

32.     Plaintiffs suffered mental anguish, emotional distress and damages in an amount to be proven at trial.

33.     Defendants' failure to comply with these provisions constitute an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff having set forth his claims for relief against Defendant respectfully prays of the Court as follows:

1. That Defendant be held in contempt of court for failing to comply with an order from a U.S. Bankruptcy Court;

2. That Court award actual damages pursuant to 11 U.S.C. § 105, 15 U.S.C. § 1692(a)(1), and O.C.G.A. § 10-1-399(a) against Defendant;

3. That Court award statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(2)(A) against Defendant;

4. That Court award treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

5. The costs of litigation and reasonable attorney's fees pursuant to 11 U.S.C. § 105, 15 U.S.C. § 1692(a)(3) and O.C.G.A. § 10-1-399(d) be awarded against Defendants;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

Dated: June 17, 2016

Respectfully submitted,

**BOURNAKIS & MITCHELL, P.C.**

By:   /s/  Randall S. Carver, Esq.
Attorney Bar No.: 515022
PO Box 1673
Rome, Georgia 30162
T: 470-315-0750
F: 706-252-8989
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF GEORGIA                       )
                                                          )
COUNTY OF FLOYD                      )

      Gary Robert Margelony and Kimberly Ellen Margelony, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
GARY ROBERT MARGELONY

_____
KIMBERLY ELLEN MARGELONY

Subscribed and sworn to before me
this 10th day of June, 2016.

_____
Notary Public
**Randall S. Carver
Fulton County, Georgia
My Commission Expires
August 12, 2018**

United States Bankruptcy Court
Northern District of Georgia

EXHIBIT "A"

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 07/14/2009 at 11:31 AM
and filed on 07/14/2009.

**Gary Robert Margelony**
1509 Shiloh Road
Cedartown, GA 30125
SSN / ITIN: xxx-xx-6211

**Kimberly Ellen Margelony**
1509 Shiloh Road
Cedartown, GA 30125
SSN / ITIN: xxx-xx-2973
*aka* **Kimberly Ellen Arnette**

The case was filed by the debtor's attorney:            The bankruptcy trustee is:

**Terry Haygood**                                        **Mary Ida Townson**
Law Offices of Terry Haygood                             Chapter 13 Trustee
401 Broad Street, Ste. 102                               Suite 2200
Rome, GA 30161                                           191 Peachtree Street, NE
706-232-2222                                             Atlanta, GA 30303-1740
                                                         404-525-1110

The case was assigned case number 09-42815-pwb to Judge Paul W. Bonapfel.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30
days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt
to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a
lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office, Room
339, Federal Building, 600 East First Street, Rome, GA 30161-3187.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**M. Regina Thomas**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/23/2015 10:03:47 | | | |
| **PACER Login:** | em2040:3361796:0 | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 09–42815-pwb |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT   NORTHERN DISTRICT OF GEORGIA | PROOF OF CLAIM |

| Name of Debtor:<br>Gary Robert Margelony | Case Number:<br>09-42815-pwb |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Sallie Mae Financial, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |

Name and address where notices should be sent:

Sallie Mae Financial, Inc. c/o Howe and Associates
4385 Kimball Bridge Rd., Ste. 100, Alpharetta, GA 30022

Court Claim Number:_____
(*If known*)

Telephone number:
(678) 566-6800

Filed on:_____

| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $_____34,380.43_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   Money loaned
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: __9007__

**3a.** Debtor may have scheduled account as: __08-69007__
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:**$_____   **Annual Interest Rate___%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan -- 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>07/22/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

Attorney for Creditor, Richard M. Howe _____   Georgia Bar #371805

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Case 4:16-cv-00167-HLM-WEJ   Document 1   Filed 06/20/16   Page 11 of 28

HOWE ASSOCIATES
ATTORNEY FOR CREDITOR

| ITEMIZED STATEMENT OF DEBT-CASE NUMBER: 09-42815-pwb | | | |
|---|---|---|---|
| Principal | $ | 27,039.60 | |
| Interest | $ | 4,195.21 | as of 7/14/2009 |
| Attorney fees | $ | 3,040.62 | |
| Court Cost | $ | 105.00 | |
| TOTAL | $ | 34,380.43 | |

```
CURR LN# 01  ORIG LN# 01
           CURR  PREV                              ARY R
LN TYPE    C         CONNECTI                                    --APPL--
LN STAT    L2    LI  CO-SIGNE                                       ID
STAT DT  09/24/08  07/24/08                        B/COS STAT  BN   01
                   ORIG                          -----INTEREST-----
 RESERVE ID       SCHL ID  CURRENT  ORIGINAL  CURR PREV ORIG  CURR RATE   TYPE
PC-SF-000001-01    0- 0     444450   444450    FN   FM   8Z    15.00    VRBL

  ------DATES------     ---BORROWER PURCHASE AMTS--    -----CODES/DATES------
LNDR IPT  04/27/07   OTST AMT        28,059.18     CLAIM RSN     BN
PRCH      04/27/07   ORIG PRCH       20,262.20     IRS STAT
DLNQ DT   09/10/06   ADJ CUM              0.00     STATE OFF
FLW-UP    N/A        PRIN PRCH       17,996.42     QUOTE C/H/R
REIN  NON N/A        INTR PRCH        2,265.78     QUOTE EFFTV   00/00/00
BORR IPT  12/01/08   INTR ACC CUM     6,964.43     AWG
PLCMNT    09/24/08   CC ASSESSED      3,039.33     AWG EFFTV     N/A
RPMT STRT 04/06/01   CC WAIVED            0.00     AWG RMVL      N/A
LAST RCVY N/A        JDGMT DIFF           0.00     JDGMT RECORD  N/A
                     JDGMT AMT            0.00     JDGMT EFFTV   N/A
READY FOR INPUT
(HELP,INQ SCHL,BORR,COLL,LEND,LOCR,LONC,MENU,SUM,NAME)            ===> INQ
```

Exhibit

Pages

TRUE AND EXACT COPY OF THE ORIGINAL

a Sallie Mae company     Loan Application     Call With Questions:     PO Box 470
Sales Reps: RNT                                1-877-834-9851          Marlton, NJ 08053-0470

**Section B: Borrower Section**

| Loan Amt. Requested | Repayment Term Requested (years) | Interest Only Repayment (In School Only) | Deferral (Payment?) (Check if Borrower) |
|---|---|---|---|
| $ 19,000 | 10 yrs | Yes / (No) | Yes / No |

Name: MARGELONY GARY R Jr.

Street Address: 46 Gem Dr

City: Willimantic    State: CT    Zip Code: 06026    How Long: 5 Months    Home Phone: 860. 450 - 1946

| Monthly Mortgage/Rent Amount | Approximate Balance (if applicable) | Approximate Home Value (if present) | Work Phone |
|---|---|---|---|
| $ 799.00 | $ 60,000 | $ 89,000 | 860. 423-6353 |

Employer Name: Realistic Tech Int     How Long: 3 Months     Residence Source: Webcom Rental

Employer Address: 1399 Main St Willimantic CT 06226     Gross Annual Salary: 48,000

Reference Name: Jim Chardin     Reference Address: Manchester CT 06040     Home Phone: 643-     Relation: friend

Reference Name: Tony Miller     Reference Address: 14 Willis Circle Ward Ct     Home Phone: 875-5655     Relation: friend

Reference Name: Paul Mueller     Reference Address: 46 Church St Vernal Ct     Home Phone: 875-6961     Relation: Father

**Section B: Co-Borrower Section**

Relationship to Applicant:                              Social Security Number:

Name:

Street Address:                    Apt #         Rent/Own        Own    Rent    How Long Here?

City:                Zip Code:                  Work Phone:

| Monthly Mortgage/Rent Amount | Approximate Balance (if applicable) | Approximate Home Value (if present) | Work Phone |
|---|---|---|---|
|  |  |  |  |

Employer Name:          How Long:

Employer Address:       Zip Code:     Gross Annual Salary:

**Section C: Student Section**

Name:

**Section D: School Section**

School Name: New Horizons     School Address: 209 Marshall Phelps Rd, Windsor, CT 06095     School Phone: 860-298-7070

School/Grade/Branch: 161

This application will be submitted to SLM Financial Corporation for approval...

Borrower's Signature: [signature]     Date: 2-6-2001     Co-Borrower's Signature:     Date:

Visit us on the Web @ www.salliemae.com/slmfin

389517

**SLM FINANCIAL CORPORATION EDUCATIONAL LOAN PROGRAM**
**REPAYMENT SCHEDULE AND TRUTH-IN-LENDING DISCLOSURE**    Date: 4/06/01
161

| BORROWER: | CO-BORROWER |
|---|---|
| GARY R MARGELONY | KIMBERLY E MARGELONY |
| SSN:        Text | SSN: |

In this disclosure the words 'you' and 'your' refer to Borrower and any Co-Borrower. Lender refers to    P.    Bank/IBB

located in the state of   IL

The Lender has approved a Loan for   15,170.00

The interest rate you will pay on the loan is the Prime Rate as published in the Wall Street Journal and effective

for the business day prior to your loan's disbursement or the first day of the month prior to your anniversary month plus   9.000%   (the Margin).

If you do not want this loan you must immediately return the funds and this form to your school's financial aid office

or SLM Financial Corporation. If you return the funds you will not be obligated to repay this loan. The supplemental fee for this loan is   8.3571%

Your current variable interest rate is   17.0000%   The Prime Rate used to calculate your variable interest rate was   8.0000 %

**TRUTH-IN-LENDING DISCLOSURE**

| *ANNUAL PERCENTAGE RATE* The cost of your credit as a yearly rate. | *FINANCE CHARGE* The dollar amount the credit will cost you. | AMOUNT FINANCED + The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all scheduled payments |
|---|---|---|---|
| 23.7700% | 22,765.79 | 14,000.00 | 36,885.79 |

| | |
|---|---|
| Additional Terms: | Please refer to your Promissory Note for additional information about non-payment, default, any required payment in full before the scheduled date, and prepayment refunds and penalties. |
| Late Charge: | If any part of a principal or interest payment is more than 10 days late, you will have to pay a late charge of 5.00% of the monthly payment or $ 5 , whichever is greater. |
| Prepayment: | If you pay off the loan early, you will not have to pay a penalty. |
| Variable Rate: | The annual percentage rate may increase or decrease on the anniversary of this loan's disbursement date if the Prime Rate as published in The Wall Street Journal increases or decreases. Any increase may take the form of higher payments. Any decrease may take the form of lower payments. For example, assume that your loan is for $10,000 at 10.00% interest for 120 months. If the interest rate increased to 10.25% after one year, your monthly payment amount will increase from $132.15 to $133.43. |
| Check Return Fee: | If you make a payment by check and that check is returned unpaid for any reason, you will pay a charge of $ 20.00 for each check so returned. Such Check Return Fee may be added to your principal balance. |
| Deferment Fee: | You may request and the Lender, at the Lender's sole discretion, may grant you a Deferment under which you may defer a regularly scheduled payment for one or two months. If you request such Deferment and the Lender grants it, you agree to pay a $20.00 Deferment Fee. Such fee may be added to your Principal Balance. |
| Forbearance Fee: | You may request and the Lender, at the Lender's sole discretion, may grant you a Forbearance under which you may defer a regularly scheduled payment for up to six months. If you request such Forbearance and the Lender grants it, you agree to pay up to a 350.00 Forbearance Fee. Such fee may be added to your Principal Balance. |

These payment amounts are an estimated average.

YOUR PAYMENT SCHEDULE (which may change based on your funding date) WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due (Monthly Beginning) | ITEMIZATION OF AMOUNT FINANCED + | |
|---|---|---|---|---|
| 12 | 10.00 | 5/06/01 | $ 14,000.00 | Amount Financed |
| 119 | 306.39 | 5/06/02 | $ 1,170.00 | Supplemental Fee |
| 1 | 305.38 | 4/06/12 | $ 15,170.00 | Loan Amount |
| | | | | |
| | | | | |
| | | | SLM FINANCIAL CORPORATION | |
| | | | (AS SERVICER FOR LENDER) | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

By signing I acknowledge receipt of a completed copy of this disclosure.

X_____    Date        X_____    Date

GARY R MARGELONY                              KIMBERLY E MARGELONY

                                             X_____    Date

Sign and return to:
SLM Financial Corporation
PO Box 470
Marlton, NJ 08053-0470

JKA SALLIE MAE 01 9/99

SLM FINANCIAL CORPORATION EDUCATIONAL LOAN PROGRAM
REPAYMENT SCHEDULE AND TRUTH-IN-LENDING DISCLOSURE   Date: 3/12/01

389517

| BORROWER: | CO-BORROWER |
|---|---|
| GARY R MARGELONY<br>SSN: .6211 | KIMBERLY E MARGELONY<br>SSN: |

In this disclosure the words "refer to Borrower and any Co-Borrower. Lender refers to   F   Bank/1BB

located in the state of  IL

The Lender has approved a Loan for   15,170.00

The interest rate you will pay on the loan is the Prime Rate as published in the Wall Street Journal and effective
for the business day prior to your loan's disbursement or the first day of the month prior to your anniversary month plus   9.000%  (the Margin).

If you do not want this loan you must immediately return the funds and this form to your school's financial aid officer
or SLM Financial Corporation. If you return the funds you will not be obligated to repay this loan. The supplemental fee for this loan is   8.3571%

Your current variable interest rate is   17.5000%   The Prime Rate used to calculate your variable interest rate was   8.5000 %

### TRUTH-IN-LENDING DISCLOSURE

| *ANNUAL PERCENTAGE RATE*<br>The cost of your credit as a yearly rate. | *FINANCE CHARGE*<br>The dollar amount the credit will cost you. | AMOUNT FINANCED +<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all scheduled payments |
|---|---|---|---|
| 24.4800% | 23,599.65 | 14,000.00 | 37,719.65 |

Additional Terms: Please refer to your Promissory Note for additional information about non-payment, default, any required payment in full before the scheduled date, and prepayment refunds and penalties.

Late Charge: If any part of a principal or interest payment is more than  10  days late, you will have to pay a late charge of  5.00% of the monthly payment or $     , whichever is greater.

Prepayment/ If you pay off the loan early, you will not have to pay a penalty.
Variable Rate: The annual percentage rate may increase or decrease on the anniversary of this loan's disbursement date if the Prime Rate as published in The Wall Street Journal increases or decreases. Any increase may take the form of higher payments. Any decrease may take the form of lower payments. For example, assume that your loan is for $10,000 at 10.00% interest for 120 months. If the interest rate increased to 10.25% after one year, your monthly payment amount will increase from $138.16 to $133.43.

Check Return Fee: If you make a payment by check and that check is returned unpaid for any reason, you will pay a charge of  $  20.00  for each check so returned. Such Check Return Fee may be added to your principal balance.

Deferment Fee: You may request and the Lender, at the Lender's sole discretion, may grant you a Deferment under which you may defer a regularly scheduled payment for one or two months. If you request such Deferment and the Lender grants it, you agree to pay a $20.00 Deferment Fee. Such fee may be added to your Principal Balance.

Forbearance Fee: You may request and the Lender, at the Lender's sole discretion, may grant you a Forbearance under which you may defer a regularly scheduled payment for up to six months. If you request such Forbearance and the Lender grants it, you agree to pay up to a $50.00 Forbearance Fee. Such fee may be added to your Principal Balance.

These payment amounts are an estimated average.

YOUR PAYMENT SCHEDULE (which may change based on your funding date) WILL BE:

| Number of Payments | Amount of Payment | When Payments Are Due<br>(Monthly Beginning) |
|---|---|---|
| 12 | 10.00 | 4/12/01 |
| 119 | 313.34 | 4/12/02 |
| 1 | 312.19 | 3/12/12 |

### ITEMIZATION OF AMOUNT FINANCED +

| | | |
|---|---|---|
| $ | 14,000.00 | Amount Financed |
| $ | 1,170.00 | Supplemental Fee |
| $ | 15,170.00 | Loan Amount |

SLM FINANCIAL CORPORATION
(AS SERVICER FOR LENDER)

By signing I acknowledge receipt of a completed copy of this disclosure.

x _Gary Margelony_   3-16-2001
GARY R MARGELONY   Date

x _Kimberly E Margelony_   3-16-2001
KIMBERLY E MARGELONY   Date

Sign and return to:
SLM Financial Corporation
PO Box 470
Marlton, NJ 08053-0470

DMA SALLIE MAE 01 6/00

GARY R MARGELONY                                                                    3/12/01

SLM Financial Corporation Educational Loan Program  -  PROMISSORY NOTE    161    389517

See Paragraph xxi.3 below for important state law notices, including a "Notice to Consumer" for Iowa and Kansas residents and a Vermont "Notice to Cosigner."

In this Promissory Note (hereinafter "Note"), the words "I," "me," "my" and "mine" mean the undersigned Borrower and Co-Borrower(s), unless the language specifically refers to only one or the other. "You," "your" and "yours" means the Lender, its agents, and any subsequent holder of this Note, and the agents of such persons. "Lender" refers to the Lender as identified on my Disclosure Statement. "School" means the school that the Student is attending. "Student" is the person whose education costs will be paid for by this loan.

### I.    PROMISE TO PAY
I promise to pay to the order of the Lender, or to a subsequent holder, according to the terms below: the sum of the Requested Loan Amount to the extent it is advanced to me, or on my behalf, (the "Loan Amount"); interest on the Loan Amount; interest on any unpaid accrued interest added to the Loan Amount; Supplemental Fees, Late Charges, Returned Check Fees, and Payment Deferment/Forbearance Fees; and, in the event of default, the Lender's or subsequent Holder's costs of collection and reasonable attorneys' fees.

### II.    INTEREST
Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the Disbursement Date, on the principal balance advanced and on unpaid accrued interest added to the principal balance according to the Terms of Repayment below, until the principal balance and all accrued interest are paid in full. The Variable Rate will change annually on the anniversary of my loan's Disbursement Date. The Variable Rate shall be equal to the annual rate equal to the sum of the Prime Rate as published in The Wall Street Journal, and effective for the business day prior to my loan's disbursement or on the first day of the month prior to my loan's anniversary month (the "Index") plus the percentage as identified on my Disclosure Statement per annum (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). For example, the Variable Rate for my January anniversary date will be determined by the Prime Rate published in The Wall Street Journal in effect for the preceding December 1st The amount of my Margin will be identified on my Disclosure Statement. If The Wall Street Journal is not published or the Prime Rate is not stated, then the index shall be determined by using the immediately preceding published Prime Rate. In the event that more than one Prime Rate is published, the index shall be calculated by using the highest rate so published. If this index ceases to be available, you will choose a comparable substitute index.

### III.    TERMS OF REPAYMENT
1.  Repayment Period Statements – I will make consecutive monthly payments in the amounts and on or before the payment due dates established in my Disclosure Statement and shown on my monthly statements or in my coupon book until I have paid all of the principal and interest and any other charges I may owe under this Note.
2.  I will repay my loan in no more than _____ 120 _____ installments of principal and interest equal to the amount necessary to amortize the unpaid principal and interest balance of my loan (as of the date of calculation) in equal monthly installments of principal and interest, or interest only when indicated on my Disclosure Statement, at the Variable Rate then in effect over the number of months remaining in the Repayment Period. The length of my repayment period, and the number of installments, will be identified on my Disclosure Statement. Alternatively, at your option, you may adjust the term of my loan first, then the repayment amount.
3.  Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest and late charges at the end of the Repayment Period. In such case, I shall pay the additional amounts and you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.
4.  Payments – Payments will be applied first to applicable charges and fees, accrued interest, and then to principal, as permitted by law.

### IV.    SUPPLEMENTAL FEE
You will charge me and I will pay an amount equal to the Supplemental Fee identified on my Disclosure Statement. The fee will be no more than ___ 8.3571 ___ % of the Loan Amount. You will add the Supplemental Fee to the Loan Amount or I will pay the Supplemental Fee as the time you issue my loan disbursement. I will not be entitled to any reimbursement of Supplemental Fee after I cash my disbursement check, or, if funds are transmitted electronically, 60 days after the funds are disbursed to the school.

### V.    LATE CHARGES
To the extent permitted by law, I will pay a late charge if I fail to make any part of a monthly payment within the number of days after it becomes due, as identified on my Disclosure Statement. The minimum late charge will be identified on my Disclosure Statement. The maximum late charge may not exceed the percentage of the total monthly payment, as identified on my Disclosure Statement.

### VI.    CHECK RETURN FEE
If I make a payment by check and that check is returned unpaid for any reason, I agree to pay a charge of ___ $20.00 ___ for each check so returned. Such Check Return Fee may be added to my principal balance hereunder and accrue interest at the rate provided in this Note, without notice.

### VII.    DEFERMENT / FORBEARANCE FEE
I may request and you, at your sole discretion, may grant me a Deferment under which I may defer a regularly scheduled payment for a maximum of two months. If I request such Deferment and you grant it, I agree to pay a Deferment Fee not to exceed $28.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice. I may request and you, at your sole discretion, may grant me up to 6 months of forbearance from making payments. If I request such forbearance and you grant it, I agree to pay a Forbearance Fee not to exceed $50.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice.

### VIII.    COLLECTION COSTS
I agree to pay you all amounts, including reasonable collection agency and attorney's fees and court and other collection costs, that you incur in enforcing the terms of this Note if I am in default, up to the maximum permitted by law.

### IX.    RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty.

### X.    WHOLE LOAN DUE
I will be in default and you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once, and to cease to make any further disbursements to me, if: 1) I fail to make any payment to you when due; or 2) I fail to notify you in writing of a change in my name, address, telephone number, or change of status of the Co-Borrower(s) [i.e. death, total disability or bankruptcy] within ten days after a change occurs; or 3) I break any of my other promises in this Note; or 4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or 5) I make any false written statement in applying for this loan or at any time during the Repayment Period; or 6) I die or the Co-Borrower(s) dies; or 7) I am in default on any loans I may already have with you, or on any loans I may have with you in the future. For Wisconsin residents only, I will be in default and you will have the rights described above. If 1) (a) If the interval between scheduled payments is two months or less, and I permit to be outstanding an amount exceeding one full payments which has remained unpaid for more than 10 days after its scheduled due date are deferred due date, or (b) if the interval between scheduled payments is more than two months, I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more than 60 days after its scheduled due date or deferred due date, I will also be in default if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to  pay the amounts due under this Note..

My failure to receive a coupon book or a statement does not relieve me of my responsibility and obligation of making my required monthly loan payments in accordance with the terms and conditions of this Note. You may report the status of my loan and my payment history to credit reporting agencies. If I default, I will be required to pay interest on this loan accruing after default at the same rate of interest applicable to this loan prior to my default. The interest rate after default will be subject to adjustment in the same manner as before default.

### XI.    NOTICES
1.
2.  I will send written notice to you within ten days after any change in my name, address, or telephone number.
3.  Any notice required to be given to me by you will be effective when mailed by first-class mail to the latest address you have for me. I understand that the following notices are required by or necessary under state law and thus these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to Borrowers and Co-Borrowers who live in the state on that date they sign this Note and to Borrowers and Co-Borrowers who are residents of the state.

JHA SALLIE MAE 10 03/00

ARIZONA: I agree to pay an effective rate of interest equal to the rate of interest applicable in this Note, as set forth in "Interest" above, plus any additional rate of interest resulting from any other fees or charges paid or payable by me in connection with this Note that may be deemed to be interest under applicable law.

CALIFORNIA RESIDENTS: As required by law, I am hereby notified that a negative credit report reflected on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

GEORGIA: I waive any right to require the Lender to take action against the principal as provided in O.C.G.A. §0-7-24.

IDAHO: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Idaho, including the Idaho Credit Code (other than laws relating to interest, fees, and charges).

INDIANA: If I am in default, I will not be obligated to pay collection agency costs, attorney's fees, other collection costs, or court costs (unless independently awarded by the court).

IOWA: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to a receive a refund of unearned charges in accordance with law.

KANSAS: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

KANSAS: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated in my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Kansas, including the Kansas Uniform Consumer Credit Code (other than laws relating to interest, fees, and charges).

KANSAS AND MAINE RESIDENTS: The provisions of this Note regarding when I will be in default do not apply. Instead I will be in default (a) If I fail to make a payment as required by this Note or (b) If the prospect of my payment or performance is significantly impaired (the burden of establishing the prospect of significant impairment is on the Lender).

MAINE: The provisions of this Note regarding the payment of collection agency costs, attorneys fees, other collection costs, and court costs do not apply to Maine residents. This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Maine, including the Maine Consumer Credit Code (other than laws relating to interest, fees, and charges).

MISSOURI: ORAL LOAN AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEW YORK: By signing as Co-Borrower, I am acting as a "guarantor" and if there is default, I agree to pay all sums due as set forth in the Note. The Lender can collect this debt from me without first trying to collect from the Borrower.

NEW YORK AND VERMONT: The Lender may obtain a consumer report (credit report) about me from a consumer reporting agency (credit bureau). Upon my request, I will be informed whether or not the Lender obtained a consumer report about me and if so the name and address of the consumer reporting agency that furnished the report. If any application is approved subsequent consumer reports may be requested or used in connection with (a) renewal or extension of the credit for which I have applied, (b) reviewing my loan, (c) taking collection action on my loan or (d) other legitimate purposes associated with my loan.

NORTH CAROLINA: By signing as a Co-Borrower I waive any right I have to require the lender to proceed in accordance with the provisions of N.C.G.S. §9 26-7 through 26-9 and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

OHIO: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy consumers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA: If I am in default and the total amount disbursed under this Note is greater than $3,400 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's collection agency costs, attorney's fees, other collection costs and court costs.

TEXAS RESIDENTS: To contact the Lender about this account call 1-800-538-8492. This contract may be subject in whole or in part in Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Tx 78705-4207, phone (512) 479-1285 or (800) 538-1579. Contact the Commissioner relative to any inquiries or complaints.

UTAH BORROWERS AND CO-BORROWERS: As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

VERMONT: NOTICE TO CONSUMER. YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

VIRGINIA: By signing as Co-Borrower, I waive any right I have to require the Lender to proceed in accordance with provisions of §8-26 and 46-26 of the Code of Virginia and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

WEST VIRGINIA RESIDENTS: The provisions of this Note regarding the payment of collection agency costs, attorney's fees, other collection costs, and court costs do not apply.

WISCONSIN BORROWERS AND CO-BORROWERS: The provisions of this Note regarding default do not apply. Instead, I will be in default (a) if the interval between scheduled payments is two months or less, and I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more that 10 days after the scheduled due date or deferred due date, or I fail to pay the first payment or the last payment, within 40 days of its scheduled due date or deferred due date, or (b) if the interval between scheduled payments is more than two months, I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more than 60 days after its scheduled due date or deferred due date, I will also be in default if I fail to observe any other provision of the Note, the breach of which materially impairs my ability to pay the amounts due under this Note.

WISCONSIN RESIDENTS ONLY: No provision of a marital property agreement (pre-marital agreement), a unilateral statement under Section 766.59 of the Wisconsin Statutes, or a court decree under Section 766.70 adversely affects the interest of the creditor unless, prior to the time the credit is granted, the creditor is furnished a copy of the marital property agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred. If the loan for which I am applying is granted, any spouse will also receive notification that credit has been extended to me. For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family.

Signature of Wisconsin Borrower _____    Signature of Wisconsin Co-Borrower _____

XII.    ADDITIONAL AGREEMENT

1.  The proceeds of this loan will be used for the educational expenses at the School, including living expenses. I understand that when you accept this signed Note, you are not agreeing to lend me money and that there will be no such agreement until the time the loan is actually disbursed. You have the right to lend an amount less than the Requested Loan Amount and/or to accept or reject my Co-Borrower(s) or any application. I will be required to repay only the Loan Amount, plus interest, any late charge, and other applicable charges.

2.  I understand that the Lender is located in the state identified on my Disclosure Statement and this Note will be entered into in that state. Consequently, the provisions of this Note will be governed by applicable federal laws and the applicable laws of that state, without regard to conflict of law rules. I agree that any suit I bring against you must be brought in the county in which you maintain your principal place of business. I agree that any suit against me in the event I default on this Note may, to the extent permitted by law, be brought in the county in which you maintain your principal place of business, regardless of where I am now living or where I may be living at the time of suit.

3.  Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you in writing within three days of receipt by me of the loan check to you; or if funds are transmitted electronically, I will instruct the School within three days of receipt by me of the Disclosure Statement, to return such funds to you.

4.  Without losing any of your rights under this Note you may accept (a) late payments, or (b) as permitted by law, partial payments, even if marked "payment in full", "without recourse" or similar language. You may delay or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any party liable upon this loan or any

This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be covered by the Federal Arbitration Act ("FAA") (9 U.S.C.§§1-16). The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This Arbitration Provision shall survive repayment of your loan. If any portion of this Arbitration Provision is deemed invalid or unenforceable under the FAA, it should not invalidate the remaining portions of this Arbitration Provision.

**STATEMENT AND SIGNATURES:** I have reviewed the information I have been presented in the Note and and certify that it is true, correct and complete to the best of my knowledge and belief. I authorize you, your agent(s) and affiliates, and the School from time to time to gather and share credit, employment, and other information about me from and with each other, consumer reporting agencies and third parties in accordance with applicable law. My authorization covers, without limitation, the sharing of any credit or other information from this Note or any information about the loan disbursed under this Note. I understand that a credit report is obtained for this loan application. I will not sign this Note before reading both sides of it even if otherwise advised. By signing this Note, I acknowledge that I have received an exact copy of it, that I have read it, and that I understand and agree to the terms and conditions of the Note printed on both sides of this Note, including the "Privacy Disclosure". A Co-Borrower is equally liable for this loan with the Borrower.

**THIS IS AN EDUCATION LOAN THAT MUST BE REPAID.**

| | | |
|---|---|---|
| Signature of _____ (Borrower) | Date 3-16-2001 | Signature of _____ (Co-Borrower)  Date 3-16-2001 |
| GARY R MARGELONY | | KIMBERLY E MARGELONY |
| 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 | | Signature of _____ (Co-Borrower)  Date |
| Borrower's Social Security Number | | |
| 16,170.00 | | |
| Loan Amount | | |



EXHIBIT "C"

**IT IS ORDERED as set forth below:**

**Date: December 07, 2009**

Paul W. Bonapfel
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | Case No. 09-42815-PWB |
| GARY ROBERT MARGELONY<br>KIMBERLY ELLEN MARGELONY | Chapter 13 |
| Debtors | Judge Bonapfel |

Address: 1509 Shiloh Rd.
         Esom Hill, GA  30138

Last four digits of Social Security No(s).: 6211
                                    2973

GARY ROBERT MARGELONY
KIMBERLY ELLEN MARGELONY

       Objectors,

vs.

SALLIE MAE FINANCIAL, INC.
Last four digits of acct. no.:  9007

       Claimant

## ORDER ON OBJECTION TO CLAIM
## OF SALLIE MAE FINANCIAL, INC. (CLAIM #1)

The above-styled matter came before the Court on November 18, 2009, at 10:00 a.m. The
debtors filed an Objection to Claim of Sallie Mae Financial, Inc. (Claim #1) and a Notice of
Requirement of Response to Objection to Claim of Sallie Mae Financial, Inc. - Claim 1; of
Deadline for Filing Response; and of Hearing on October 6, 2009. The debtors contend that the
foregoing Objection to Claim and Notice have been served in accordance with Federal Rules of
Bankruptcy Procedure 7004, 9014, and 3007, and no answer has been filed by Sallie Mae Financial,
Inc.

The Objection is based upon the following:  Claimant has added attorney's fees to its claim
in the amount of $3,040.62 which it is not entitled to under its contract with debtors.

**IT IS HEREBY ORDERED** that the Objection to Claim is hereby granted.  The claim of
Sallie Mae Financial, Inc. shall be reduced by $3,040.62, the amount of attorney's fees listed on the
claim.

### END OF DOCUMENT

Presented by:


 /s/  Terry Haygood
Terry Haygood
Attorney for Debtors
State Bar No. 340567
401 Broad Street, Ste. 102
Rome, GA  30161
(706) 232-2222
terryhaygood@terryhaygood.com

### (Signatures Continued on Following Page)

*Margelony, Chapter 13 R09-42815PWB*
*Order on Objection to Proof of Claim v. Sallie Mae Financial, Inc.*
*Hearing November 18, 2009 @ 10:00 a.m.*


No Opposition:


 /s/  Brandi L. Kirkland   (signed by Terry Haygood with express written permission)
Brandi L. Kirkland
Staff Attorney for
Chapter 13 Trustee
State Bar No. 423627
Suite 2700, The Equitable Bldg.
100 Peachtree St., N.W.
Atlanta, GA  30303
404-525-1110
brandik@atlch13tt.com

## **DISTRIBUTION LIST**

Terry Haygood
Attorney for Debtors
401 Broad Street, Ste. 102
Rome, GA  30161

Mary Ida Townson, Trustee
Suite 2700, The Equitable Building
100 Peachtree Street, NW
Atlanta, Georgia  30303-1901

Gary R. Margelony
Kimberly E. Margelony
1509 Shiloh Rd.
Esom Hill, GA  30138

Richard M. Howe, Esq.
Howe & Associates
4385 Kimball Bridge Rd., Ste. 100
Alpharetta, GA  30022

**Claim 24**

**SALLIE MAE FINANCIAL INC**

C/O HOWE & ASSOCIATES
4385 KIMBALL BRIDGE RD,
STE 100
ALPHARETTA GA 30022
(000) 000-0000

Next Disbursement Info

## CLAIM DETAIL

| | |
|---|---|
| Case Number | 0942815 |
| Creditor | SALLIE MAE FINANCIAL INC |
| Trustee's Claim Number | 24 |
| Court's Claim Number | 1 |
| Claim Type | X - SPECIAL CLASS UNS (U) |
| Claim Filed Date | Thursday, July 23, 2009 |
| Mortgage Due Date | |

Disbursements to this Claim



## CLAIM AMOUNTS

| | |
|---|---|
| Claimed Amount | $31,339.81 |
| Scheduled Amount | $29,082.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $0.00 |
| Principal Owed | $0.00 |
| Principal Paid | $31,339.81 |
| Principal Due | $0.00 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $0.00 |
| Collateral Description | STUDENT LOAN |
| Limit | $0.00 |
| Plan Code | $0.00 |
| Percent Allowed | 100.00 |
| Months to Calculate | 0.00 |

## CLAIM FLAGS

| | |
|---|---|
| Payee Level | 62 |
| Comment | per order reducing 12/09 |
| Account Number | xxxxxxxxxxxxxxxx9007 |
| No Cost | |
| No Check | |
| Delete | |
| Reserve | |
| Stop Disbursement | |
| Continuing | |
| Special | |

## CREDITOR INFORMATION

| | |
|---|---|
| Creditor Name | SALLIE MAE FINANCIAL INC |
| Address 1 | C/O HOWE & ASSOCIATES |
| Address 2 | 4385 KIMBALL BRIDGE RD, STE 100 |
| Address 3 | ALPHARETTA GA |
| Zip Code | 30022-0000 |
| Contact Name | |
| Phone Number | (000) 000-0000 |
| Creditor Number ShortCut | |

## PAYMENT HISTORY FOR CLAIM 24 - SALLIE MAE FINANCIAL INC

(Latest Payments First)    Insurance-     Prev. Cred-

| Disb Date | Check Number | Payee Name | Type | Amount |
|---|---|---|---|---|
| 7/25/2014 | 2462395 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $56.67 |
| 7/1/2014 | 2460095 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 6/2/2014 | 2452931 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 5/1/2014 | 2445570 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $321.10 |
| 4/1/2014 | 2438330 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 3/3/2014 | 2431027 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 2/3/2014 | 2424351 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 1/2/2014 | 2417362 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |

| Additional Names and Addresses | | Last Change |
|---|---|---|
| Payee: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| | SALLIE MAE FINANCIAL INC ● C/O HOWE & ASSOCIATES ● ALPHARETTA ● GA ● 30022 | 8/12/2009 |
| Scheduled: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Notice: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Attorney for Creditor: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Payee: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Scheduled: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Notice: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |
| Attorney for Creditor: | SCHEDULED CREDITOR ● ● ● ● 00000 | 7/22/2009 |

## PAYEE NOTES

10-26-09 Obj to poc filed 10-6-09...MGJ

## PAYEE FIELDS DESCRIPTIONS

**No Cost**    A "Y" in this field indicates the system will not calculate trustee fees on disbursements to this claim.

**No Check**   Code which indicates the claim should not be paid or will limit the amount the claim is paid. The valid options are as follows:

- **O**    Indicates claim is to be paid outside the plan.
- **R**    Indicates claim is to be paid at Real Estate Closing.
- **S**    Indicates collateral will be surrendered.
- **X**    Indicates claim has not been filed.
- **Y**    General no check
- **1-9**  Limits the disbursement to this number times the regular monthly payment

**Delete**    A "Y" in this field indicates the claim has been deleted from the plan without actually removing the record. L in this field indicates the claim is to be paid per capita rather than pro rata. This field is normally used for adequate protection claims by indicating an "A" in this field. An "E" is used to flag this claim for "Hard" reserve

| | | | | AMOUNT |
|---|---|---|---|---|
| 12/2/2013 | 2410283 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 11/1/2013 | 2402481 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $963.30 |
| 10/1/2013 | 2394640 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $321.10 |
| 9/3/2013 | 2387254 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $645.58 |
| 8/1/2013 | 2379729 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $806.98 |
| 7/1/2013 | 2372365 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $484.19 |
| 6/3/2013 | 2364990 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $645.58 |
| 5/1/2013 | 2357595 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $806.98 |
| 4/1/2013 | 2346302 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $645.58 |
| 3/1/2013 | 2338483 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $643.89 |
| 2/1/2013 | 2331329 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $804.86 |
| 1/2/2013 | 2323844 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $482.92 |
| 12/3/2012 | 2317219 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $643.89 |
| 11/1/2012 | 2310186 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $804.86 |
| 10/1/2012 | 2302928 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $643.89 |
| 9/4/2012 | 2295753 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| | | SALLIE MAE | AMOUNT DISBURSED | |

if Using this feature CR0167-HLM-WEJ Document 122-8 Filed 06/20/16 FINANCIAL Page 25 of 28 $963.30

| | | | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $963.30 |
|---|---|---|---|---|---|

**Reserve** — Code indicating that disbursements are to be calculated for this claim but reserve the funds rather than paying them out. The valid options are:

- **H**   Calculated disbursements are reserved until they meet or exceed the regular payment amount for the claim.
- **M**   Calculated disbursements are reserved for one disbursement.
- **Y**   Calculated disbursements are reserved indefinitely.
- **1-9**   Calculated disbursements are to be reserved for this number of disbursement cycles. This number will decrease by 1 each disbursement cycle.

**Stop Disbursement** — Code which prevents the system from disbursing. However, the system will disburse any arrearage accumulated on this claim. Normally a "Y" is used for a generic stop disbursement. The numbers 1-9 will cause the system to not disbursement on this claim for this number of disbursement cycles. The number will decrease each disbursement cycle.

**Continuing Flag** — A "Y" in this field indicates this claim is a continuing debt such as an ongoing mortgage payment.

| Date | Number | Creditor | Type | Amount |
|---|---|---|---|---|
| 7/2/2012 | 2281455 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $321.10 |
| 6/1/2012 | 2274050 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 5/1/2012 | 2266912 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $481.65 |
| 4/2/2012 | 2259338 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $963.30 |
| 3/1/2012 | 2251641 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $481.65 |
| 2/1/2012 | 2244600 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 1/3/2012 | 2237745 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 12/1/2011 | 2231356 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 11/1/2011 | 2224583 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $802.75 |
| 10/3/2011 | 2217677 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $642.20 |
| 9/1/2011 | 2211069 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $819.65 |
| 8/1/2011 | 2204017 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $655.72 |
| 7/1/2011 | 2197234 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $655.72 |
| 6/1/2011 | 2190853 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $804.86 |
| 5/2/2011 | 2183709 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $482.92 |
| 4/1/2011 | 2177495 | SALLIE MAE FINANCIAL | AMOUNT DISBURSED TO | $643.89 |

| 3/1/2011 | 2170696 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $965.84 |
|---|---|---|---|---|
| 2/1/2011 | 2164425 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $479.62 |
| 1/3/2011 | 2158350 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $639.50 |
| 12/1/2010 | 2152217 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $799.37 |
| 11/1/2010 | 2145840 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $639.50 |
| 10/1/2010 | 2138220 | SALLIE MAE FINANCIAL INC | AMOUNT DISBURSED TO CREDITOR | $706.20 |

EX. E

CDGCSV90 049
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081



**Please call: 866-437-1963**
Calls may be monitored or recorded.

May 10, 2016



USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

126103838

Gary R Margelony
1509 Shiloh Rd
Cedartown GA 30125-5631

**PO BOX 32500**
**COLUMBUS OH 43232**

---

| YOU OWE: **NAVIENT SOLUTIONS** | |
|---|---|
| ACCOUNT NUMBER: **368160** | **BALANCE DUE: $38,329.01** |

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

May 10, 2016

Account Number: 368160

Dear GARY R MARGELONY,

Welcome to GC Services! The mission of GC Services is to assist consumers with resolving their student loan debts. We strongly feel one-on-one communication with consumers is the best approach.

GC Services offers a variety of repayment programs designed to assist borrowers with resolving their student loan debt. The programs provide flexibility to allow for payment amounts that are reasonable and affordable. Our Borrower Assistance Representatives will discuss your current financial, employment, and personal circumstances and design a repayment program that best fits your needs.

The Reduced Interest Repayment Program allows you to make monthly payments on your loan. After you have made 3 qualifying payments your interest rate is adjusted to .001%! The interest rate is locked in at .001% as long as you remain in compliance.

We encourage you to take this opportunity to call us at 866-437-1963 to discuss your repayment options. We have Borrower Assistance Representatives to assist you from: Mon-Thur 8AM to 9PM, Fri 8AM to 5PM, Sat 8AM to noon CDT.

In lieu of mail, you can pay by credit card through a third party payment service using the Internet at iwant2.solvemydebt.com or phone at 1-866-294-0068. Use this control number to identify yourself when prompted: 0702300003681603.

Yours very truly,

M. Mitchell
Collection Manager

*As of the date of this letter, you owe $38,329.01. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.*

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081

0763-18        PL1        0702300003681603        29388403

CDGCSV90 049
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081

May 10, 2016

 **Please call: 866-437-1963**
Calls may be monitored or recorded.

 USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

126104584
ǁ¡ǁ¡ǁǁ¡ǁǁǁǁ¡ǁǁ¡ǁǁǁ¡ǁ¡ǁ¡ǁ¡ǁ¡ǁ¡ǁǁ¡ǁ¡ǁǁ¡ǁǁǁǁǁ
Kimberly E Margelony
1509 Shiloh Rd
Cedartown GA 30125-5631

**PO BOX 32500**
**COLUMBUS OH 43232**

---

| YOU OWE: **NAVIENT SOLUTIONS** | |
|---|---|
| ACCOUNT NUMBER: **368161** | BALANCE DUE: **$38,329.01** |

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

May 10, 2016

Account Number: 368161

Dear KIMBERLY E MARGELONY,

The above-referenced account, which you cosigned, has been placed with GC SERVICES by NAVIENT SOLUTIONS. As a cosigner you are responsible for the repayment of a portion, or all of this account. Even if you are not able to remit payment in full, but have information about the borrower, please contact us at 866-437-1963.

GC Services offers a variety of repayment programs designed to assist borrowers with resolving their student loan debt. The programs provide flexibility to allow for payment amounts that are reasonable and affordable. Our Borrower Assistance Representatives will discuss your current financial, employment, and personal circumstances and design a repayment program that best fits your needs.

The Reduced Interest Repayment Program allows you to make monthly payments on your loan. After you have made 3 qualifying payments your interest rate is adjusted to .001%! The interest rate is locked in at .001% as long as you remain in compliance.

We encourage you to take this opportunity to call us at 866-437-1963 to discuss your repayment options. We have Borrower Assistance Representatives to assist you from: Mon-Thur 8AM to 9PM, Fri 8AM to 5PM, Sat 8AM to noon CDT.

In lieu of mail, you can pay by credit card through a third party payment service using the Internet at iwant2.solvemydebt.com or phone at 1-866-294-0068. Use this control number to identify yourself when prompted: 0702300003681611.

Yours very truly,

M. Mitchell
Collection Manager

*As of the date of this letter, you owe $38,329.01. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.*

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081

0763-42        CL1        0702300003681611        29389197